JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR ROYTER, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-06484-FLA (PVCx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## RULING

On June 4, 2024, Plaintiffs Vladimir Royter ("Mr. Royter") and Larisa Royter ("Plaintiffs") initiated this action against Defendant Costco Wholesale Corporation ("Defendant") and DOES 1 through 50 in the Los Angeles County Superior Court. Dkt. 1-1 ("Compl.") at 4.[1] Plaintiffs assert state-law claims for general negligence, premises liability, and loss of consortium, arising from Mr. Royter's visit to Defendant's store in Burbank, California, where a box allegedly fell and struck his arm. *Id.*

On August 1, 2024, Defendant removed the action to this court based on alleged

---

[1] The court cites the page numbers inserted by the CM/ECF system.

diversity jurisdiction. Dkt. 1. In its notice of removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* at 2. Defendant relies on Plaintiff's Statement of Damages, seeking over $10 million. *Id.*

On September 17, 2024, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 12. Only Defendant filed a response. Dkt. 18.

Having reviewed the Notice of Removal and Defendant's response to this court's Order to Show Cause, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

## **DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the

1  defendant's allegation" concerning the amount in controversy, "both sides [shall]
2  submit proof," and the court may then decide whether the defendant has proven the
3  amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal
4  jurisdiction must be rejected if there is any doubt as to the right of removal in the first
5  instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's
6  burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

7       Here, Defendant relies on Plaintiffs' Statement of Damages, Dkt. 18-1, wherein
8  Plaintiffs' seek: $3 million for pain, suffering, and inconvenience; $1 million for loss
9  of consortium; $35,823.05 for medical expenses to date; $150,000 for future medical
10 expenses; $1 million for loss of earnings; and $5 million for loss of future earning
11 capacity. A statement of damages "is relevant evidence of the amount in controversy
12 if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v.*
13 *Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "A plaintiff's damage estimate will
14 not establish the amount in controversy, however, if it appears to be only a bold
15 optimistic prediction." *Romsa v. Ikea U.S. W., Inc.*, Case No. 2:14-cv-05552-MMM
16 (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks
17 omitted).

18      While the $35,823.05 in medical expenses appears to be in controversy, it is
19 clear the remaining approximately $10 million in damages is simply a "bold
20 optimistic prediction" and not a reasonable estimate of Plaintiffs' claims. *See id.*
21 ("The leap from $4,597.77 in medical expenses incurred to [defendant's] assertion
22 that [plaintiff's son] has suffered damages in excess of $75,000 because he cries a lot
23 and wakes up several times a night is difficult to credit. [Defendant] cites no facts that
24 indicate a damages award anywhere near $75,000 – let alone $1,000,000 – is likely.").
25 Significantly, the Statement of Damages cites no facts to explain how Plaintiffs
26 determined these amounts. Dkt. 18-1; *see also Romsa*, 2014 WL 4273265, at *2
27 (remanding action where Plaintiff's statement of damages did not explain how he
28 arrived at the damages estimated); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-

01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (same); *see also Owens v. Westwood Coll. Inc.*, 2013 WL 4083624, at *4 (C.D. Cal. Aug. 12, 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated"). Defendant further relies on statements by Plaintiffs' counsel, stating damages "far exceed $75,000." Dkt. 18 at 2. However, Defendant again provides no facts in support. *See id.*

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## **CONCLUSION**

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 24NNCV02048. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: October 7, 2024

                                              FERNANDO L. AENLLE-ROCHA
                                              United States District Judge